IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAURA COLHOUER,<br>　　　Plaintiff,<br><br>v.<br><br>NATIONWIDE MUTUAL<br>INSURANCE CO., et al.,<br>　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:24-CV-2869-K |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Laura Colhouer's Motion for Protective Order filed on May 5, 2025. (Dkt. No. 27 ("Mot.").) Plaintiff objects to certain interrogatories propounded by Defendant Crestbrook Insurance Company. United States District Judge Ed Kinkeade referred the motion to the undersigned magistrate judge for a hearing, if necessary, and determination. (Dkt. No. 28.) For reasons discussed below, Plaintiff's motion for protective order is **DENIED**.

### I. BACKGROUND

Plaintiff filed this lawsuit in state court against her auto insurer for failure to provide coverage for certain losses resulting from an car accident caused by an uninsured third-party driver. (*See* Dkt. No. 1-1 ¶¶ 11-14.) Defendants removed the case to this Court. (*See* Dkt. No. 10.)

Plaintiff filed her First Amended Complaint on February 18, 2025. (*See* Dkt. No. 23 ("Am. Compl.").) In it, she alleges that, after being rear-ended by another motorist and confirming that the driver was not covered by an insurance policy,

-1-

Plaintiff made claim on her policy under its provisions for uninsured motorist coverage. (Am. Compl. ¶¶ 9-12.) Among other things, Plaintiff avers that she "sustained serious injuries to her lower back, neck, right knee" and suffered a Lisfranc fracture in her right foot. (*Id.* ¶ 13.) Although she alleges that the injuries to her back, neck, and knee have responded well to treatment, she states that her right foot has not improved, and she continues to receive weekly treatment for pain and other symptoms. (*Id.*) Plaintiff alleges that she suffers continued impairment due to her foot injury. (*See id.* ¶¶ 14-16.)

On March 20, 2025, Crestbrook served its first discovery requests on Plaintiff. (*See* Dkt. No. 27.) Included in that discovery were interrogatories seeking information about Plaintiff's medical condition prior to the accident and the Lisfranc fracture to her foot:

> Interrogatory No. 5: Identify (including facility name and address) all pharmacies where you have filled any and all prescriptions for the last seven (7) years.
>
> Interrogatory No. 6: Identify all medications You were taking at the time of the Accident including in Your response the condition the medication sought to treat.
>
> Interrogatory No. 9: List all surgeries You have undergone during the time period beginning ten (10) years prior to the Accident through the present.
>
> Interrogatory No. 12: Identify the date you were first diagnosed with a Lisfranc fracture.
>
> Interrogatory No. 13: Identify the orthopedic surgeon You visited and who diagnosed You with a Lisfranc fracture.

These are the discovery requests underlying Plaintiff's Motion.[1] Plaintiff challenges the relevance of the requested information and contends that these interrogatories are "overbroad, harassing, and seek confidential and personal information." (Mot. at 5-6.)

Based in part on Plaintiff's undetailed representation that she "attempted to confer" with Defendants the day she filed the motion but received no response, the Court ordered the parties to meaningfully confer and submit a joint status report identifying the issues upon which the reached agreement and discussing their respective positions on the issues on which they could not agree. (Dkt. No. 29.) Plaintiff and Crestbrook have submitted their joint status report. (Dkt. No. 32 ("JSR").)

## II.  LEGAL STANDARDS

Plaintiff moves for a protective order pursuant to Fed. R. Civ. P. 26(c)(1). (*See* Mot. at 2.) It provides that "[a] party . . . from whom discovery is sought may move for a protective order in the court where the action is pending." Fed. R. Civ. P. 26(c)(1). "The Court has broad discretion to grant a motion for protective order, on a showing of 'good cause,' 'to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense.'" *Samurai Glob., LLC v. Landmark Am. Ins.*

---

[1] Plaintiff's motion challenged additional discovery requests, but the parties report that they have resolved the additional matters by agreement. (*See* Dkt. No. 32 at 2.) The Court does not address those matters here because those issues are mooted by the parties' agreement.

*Co.*, No. 3:20-CV-3718-D, 2023 WL 8627527, at *1 (N.D. Tex. Dec. 13, 2023) (quoting Fed. R. Civ. P. 26(c)(1)).  "The court must balance the competing interests of allowing discovery and protecting the parties . . . from undue burdens." *Id.* (quoting *Williams ex rel. Williams v. Greenlee*, 210 F.R.D. 577, 579 (N.D. Tex. 2002)). "The party seeking the protective order bears the burden of making a specific objection and showing that the discovery fails the Rule 26(b)(1) proportionality calculation." *Id.* (quoting *Carter v. H2R Rest. Holdings, LLC*, No. 3:16-CV-1554-N-BN, 2017 WL 2439439, at *4 (N.D. Tex. June 6, 2017)); *see also Marable v. Dep't of Com.*, No. 3:18-CV-3291-N-BN, 2019 WL 4689000, at *3 (N.D. Tex. Sept. 26, 2019).

Fed. R. Civ. P. 26(b)(1) articulates limitations on discovery, and it provides that a party may obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"  "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party." *MC Trilogy Texas, LLC v. City of Heath, Texas*, No. 3:22-CV-2154-D, 2024 WL 201365, at *2 (N.D. Tex. Jan. 18, 2024) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005) (internal quotation marks omitted)).

### III.  ANALYSIS

Crestbrook's discovery requests that are the subject of Plaintiff's motion concern Plaintiff's medical condition before the accident by asking about her medications and surgeries or details about the diagnosis of her Lisfranc fracture.  In

Plaintiff's view, these interrogatories are "completely irrelevant" to the issues in this case. (JSR at 4.) She contends that the information is irrelevant to liability because she was at a standstill when she was hit by the other driver and this information cannot be probative of whether she was at fault. (*Id.* at 4-5.) And because Plaintiff has not undergone any surgery as a result of the accident, she contends that information sought about prior surgeries is irrelevant. (*Id.* at 5.) With respect to the Lisfranc fracture in her foot—which she features in her Amended Complaint (*see* Am. Compl. ¶¶ 14-16)—Plaintiff cursorily states without explanation that the date of diagnosis and identity of the diagnosing physician are not relevant. (JSR at 5.) Plaintiff also asserts that the information sought "infringe[s] on [her] confidential medical information." (*Id.*)

    Plaintiff's unsupported challenges to the relevance of the requested information fall short of satisfying her burden to show that the discovery is irrelevant or disproportional to the needs of this case. *See Samurai Global, LLC*, 2023 WL 8627527, at *1. Interrogatories 12 and 13 seek information about Plaintiff's Lisfranc fracture. Plaintiff plainly seeks recompense for this injury in the Amended Complaint, and her allegations clearly put at issue the facts concerning the cause, severity, treatment, and details about this injury that she contends impairs her daily life. (*See* Am. Compl. ¶¶ 14-16.) The Court finds unmeritorious Plaintiff's assertion that information about the condition for which she seeks damages—to include the identity of a potential witness on that issue—falls outside the broad scope of Rule

26(b)(1). *See Black v. Pan Am. Lab'ys, LLC*, No. 1:07-CV-924 LY, 2008 WL 11333775, at *3 (W.D. Tex. July 8, 2008) (holding that, where plaintiff "undoubtedly put her medical records at issue," "the medical records of the physicians [plaintiff] sought for treatment as a result of the incidents forming the basis of this lawsuit are discoverable"); *see also Merrill*, 227 F.R.D. at 471 (noting with respect to emotional distress damages that "[c]ourts considering the issue have generally found that the identities of health providers, the dates of treatment and the nature of the treatment are relevant to claims"). Additionally, Plaintiff has not explained how providing this highly relevant discovery is overly burdensome or otherwise disproportionate to the needs of this case.

Similarly, information sought by Interrogatories 5, 6, and 9 about Plaintiff's medical condition at the time of the accident is relevant to damages. Plaintiff seeks compensation for injuries to her lower back, neck, right knee, and right foot, and she seeks "damages as to physical pain and mental anguish, physical impairment, and/or medical care and expenses[.]" (Am. Compl. ¶ 23 & Prayer ¶ c.) Courts generally recognize in this circumstance that information about a plaintiff's preexisting conditions is relevant, among other reasons because the medical records might reveal a prior history of the same issues that the plaintiff is attributing to the accident. *See, e.g.*, *Rivas v. Schneider Nat'l Carriers, Inc.*, No. 3:23-CV-00393-N, 2024 WL 5056629, at *2 (N.D. Tex. Dec. 10, 2024); *Vaughn v. Hobby Lobby Stores, Inc.*, 539 F. Supp. 3d 577, 591 (W.D. La. 2021). Similarly, Plaintiff has not shown that the

information sought by these interrogatories is disproportional to Crestbrook's defense against claims brought in this case.

Plaintiff cannot resist this relevant discovery on the basis that the information sought concerns confidential medical information. (*See* JSR at 5.) Because the Court presides over this case based on its diversity jurisdiction under 28 U.S.C. § 1332(a) (*see* Am. Compl. ¶ 5), it applies Texas privilege law. *Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 470 (N.D. Tex. 2015) (citing Fed. R. Evid. 501). "Texas Rule of Evidence 509 recognizes the physician-patient privilege, but, in civil proceedings, Texas provides for an exception where the party relies on the condition as part of the party's claim or defense." *Id.* (citing Tex. R. Evid. 509(e)(4) and *De Santiago-Young v. Histopath, Inc.*, No. 2:14-CV-179, 2015 WL 1542475, at *2 (S.D. Tex. Apr. 1, 2015)). Although the Texas Supreme Court has observed that medical records should not routinely become part of the public record based simply on someone's attempt to seek redress for injury or defend against such claims, it also has rejected an argument that such records are beyond a litigant's reach based on privacy where the information is permissibly excepted by Texas evidentiary rules. *See R.K. v. Ramirez*, 887 S.W.2d 836, 840 (Tex. 1994). "[T]he exceptions to the medical . . . health privileges apply when (1) the records sought to be discovered are relevant to the condition at issue, and (2) the condition is relied upon as a part of a party's claim or

defense, meaning that the condition itself is a fact that carries some legal significance." *Carr*, 312 F.R.D. at 470–71 (quoting *R.K.*, 887 S.W.3d at 843).[2]

After reviewing the contested interrogatories propounded by Crestbrook, the Court concludes that the information sought by each interrogatory fits within the Texas rules' exception the patient-physician privilege and is discoverable under Rule 26(b)(1). Additionally, it is proportional to the needs of the case.

Plaintiff has failed to carry her burden to demonstrate that, as argued in her motion and the joint status report, the discovery sought by Crestbrook is irrelevant, disproportional, overbroad, harassing, or privileged. Although Crestbrook has not specifically moved for an order awarding expenses, Rules 26(c)(3) and Rule 37(a)(5) together may provide for an award of reasonable expenses incurred, including attorney's fees, in litigating Plaintiff's motion for protective order. If Crestbrook wishes to seek an award of expenses, it may file a motion no later than **June 10, 2025**.

---

[2] If the parties agree that the discovery should be produced subject to the protection of a discovery confidentiality order, they may submit an agreed proposed confidentiality order for the Court's consideration.

## IV. CONCLUSION

Plaintiff's May 5, 2025 Motion for Protective Order is **DENIED**.

**SO ORDERED** on May 20, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE