IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAURA COLHOUER, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | No. 3:24-CV-2869-K | |
| § | | |
| NATIONWIDE MUTUAL § | | |
| INSURANCE CO., et al., § | | |
| Defendants. § | | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Crestbrook Insurance Company's Motion for Attorneys' Fees filed on June 10, 2025. (Dkt. No. 34.) Plaintiff Laura Colhouer has not filed a response to the motion in the time allowed, *see* N.D. Tex. L.R. 7.1(e), and the motion is now ripe for decision, *see Tillison v. Trinity Valley Elec. Co-op., Inc.*, No. 3:03-CV-2480-D, 2005 WL 292423, at *1 (N.D. Tex. Feb. 7, 2005). United States District Judge Ed Kinkeade referred the motion to the undersigned magistrate judge for a hearing, if necessary, and determination. (Dkt. No. 36.) Crestbrook's motion is **GRANTED**.

### I.

Plaintiff suffered injuries from an automobile accident and sues her insurer for damages under an uninsured motorists policy. On May 20, 2025, the Court denied Plaintiff's Motion for Protective Order. (Dkt. No. 33.) That motion—pared down after conferring with Crestbrook—sought a court order shielding her from answering interrogatories that inquired into medical procedures, medical conditions, and

medications predating the accident or that sought information about the dates and diagnosing physician relating to a foot fracture Plaintiff suffered as a result of the accident. (*See* Dkt. No. 32 at 2-3.) Plaintiff took the position that the information was "completely irrelevant" because liability for the accident was not in dispute and impermissibly infringed on confidential medical information. (*See id.* at 4-5.)

The Court denied Plaintiff's motion for a protective order, concluding that the information sought was relevant to damages, as it concerned possible preexisting conditions that did not result from the accident. (Dkt. No. 33 at 6-7.) As for interrogatories seeking the diagnosis date and identity of a diagnosing orthopedic surgeon for the foot fracture, the Court similarly held that the information was discoverable. (*Id.* at 5.) The Court noted that Plaintiff's concern for confidentiality of medical information can be assuaged by a discovery confidentiality order. (*Id.* at 8 n.2.)

In denying Plaintiff's motion, the Court allowed Crestbrook to file a motion for costs associated with its response to the motion under Fed. R. Civ. P. 26(c)(3) and 37(a)(5). (*Id.* at 8.) It did so on June 10, 2025. (*See* Dkt. No. 34.)

On that same day, attorneys of the law firm Cook Keith & Davis, P.C.—who have represented Plaintiff in this action and filed the motion for protective order—moved to withdraw from representing Plaintiff in this action. (Dkt. No. 35.) The Court addresses that motion by separate order. Successor counsel have entered an appearance on behalf of Plaintiff. (Dkt. No. 37.)

## II.

A court granting or denying a motion for protective order looks to Rule 37(a)(5) when assessing an award of expenses. *See* Fed. R. Civ. P. 26(c)(3). Under that rule, when, as here, "a motion for protective order is denied and the requested discovery is provided after the motion was filed, the Court 'must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees.'" *Velazquez v. El Pollo Regio LP, LLC*, No. 3:15-CV-3170-M, 2017 WL 2289185, at *6 (N.D. Tex. May 25, 2017) (quoting Fed. R. Civ. P. 37(a)(5)(B)). "But," the rule explains, "the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). "A party's discovery conduct is found to be substantially justified under Rule 37 if it is a response to a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Keplar v. Google, LLC*, 346 F.R.D. 41, 53 (N.D. Tex. 2024) (internal quotation marks omitted). In this context, the burden is on Plaintiff to show that her motion was substantially justified or harmless to avoid an award of expenses. *See Orthoflex, Inc. v. ThermoTek, Inc.*, No. 3:10-CV-2618-D, 2015 WL 4486756, at *8 (N.D. Tex. July 23, 2015); *see also Byzantine Cath. Eparchy of Phoenix v. Burri L. PA*, No. CV-20-00779-PHX-ROS, 2022 WL 3597106, at *1 (D. Ariz. June

17, 2022) ("The losing party to a discovery motion bears the burden of demonstrating substantial justification or unjust circumstances.").

"'Reasonable attorneys' fees are determined through a two-step process,' otherwise known as the lodestar method." *Ferguson v. Sw. Reg'l PCR, LLC*, No. 5:22-CV-182-H, 2023 WL 9890884, at *2 (N.D. Tex. July 31, 2023) (quoting *Fessler v. Porcelana Corona De Mexico, S.A. DE C.V.*, 23 F.4th 408, 415 (5th Cir. 2022)). The lodestar is the product of the hours reasonably spent on the matter and an appropriate hourly rate for such work. *Id.* Once the lodestar is calculated, the "court may then 'enhance or decrease the amount of attorney's fees based on the relative weights of the twelve factors" set out in *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974). *Ferguson*, 2023 WL 9890884, at *2. The lodestar is presumptively reasonable, and the fee applicant must support the application with documentary proof establishing the reasonableness of the fees. *Id.* "[T]he party desiring modification of the lodestar bears the burden of establishing that a reduction is justified." *Id.* (citing *Fessler*, 23 F.4th at 415-16).

Rule 37 authorizes a court to impose expenses on "the movant, the attorney filing the motion, or both[.]" Fed. R. Civ. P. 37(a)(5)(B). In considering whether fees should be imposed on a party or attorney, courts have taken into account that "[c]ounsel, not the client, is responsible for coordinating the preparation, signing, and serving of written responses to discovery requests," and "[a]ttorneys 'have an obligation, as officers of the court, to assist in the discovery process by making

diligent, good-faith responses to legitimate discovery requests.'" *See, e.g.*, *Ferguson*, 2023 WL 9890884, at *4 (quoting *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1486 (5th Cir. 1990)). Even so, "a client can be held responsible for and is bound by her lawyer's actions." *Id.* (internal quotation mark omitted).

### III.

### A.

The Court first considers whether Plaintiff's motion was substantially justified. Because Plaintiff has not filed a response to Crestbrook's motion, she has not carried her burden to establish substantial justification underlying her motion for protective order. Even so, the Court has considered whether substantial justification is evident from its review of the motion and joint status report containing the parties explanations of their positions. (*See* Dkt. Nos. 27, 32.) After doing so, the Court concludes that Plaintiff was not substantially justified in filing her motion to preclude discovery.

Plaintiff filed this lawsuit seeking damages relating to medical injuries suffered from a car accident, including in particular a serious and persistent foot fracture that she alleges interferes with her daily life. In her motion, Plaintiff sought to avoid discovery of information relating to lost wages, tax returns, medical conditions and prescriptions predating the accident, and the diagnosis of her foot fracture. (*See* Dkt. No. 27.) The parties resolved one portion of their dispute through attorney conference, resulting in Plaintiff's amendment of her damages calculation and

clarification that she is not seeking past or future lost wages and prompted Crestbrook to withdraw related discovery requests. (Dkt. No. 32 at 2.) But Plaintiff persisted in her motion's request to avoid discovery of information generally falling into two categories: (1) information relating to the diagnosis of her foot fracture, and (2) information relating to her medical condition prior to the accident. (*See* Dkt. No. 32 at 2-3.)

With respect to the former category, Plaintiff alleged that discovery into her foot fracture was "overbroad, harassing, and [sought] confidential and personal information" (Dkt. No. 27 at 5) and, after attorney conference, asserted—with respect to an injury that constitutes a substantial portion of her claim for damages—that the date of diagnosis and identity of the diagnosing physician were "not relevant," "overbroad[]," and "infringe[d] on confidential medical information" (Dkt. No. 32 at 5). This basic information—the date of diagnosis and diagnosing physician—is well within the bounds of relevance, and it is the kind of information that plaintiffs commonly would prove at trial to establish damages caused by an accident. Plaintiff has not shown, and the Court does not discern, how reasonable people might dispute the relevance of this information.

As for the latter category of discovery inquiring into Plaintiff's medical condition prior to the accident, Plaintiff likewise has not shown that her motion was substantially justified. After attorney conference, Plaintiff took the position that discovery about her medications and medical procedures was irrelevant to liability or

damages because it was undisputed that the other motorist was at fault and she had no surgeries as a result of the accident. (Dkt. No. 32 at 5.) She also sought to avoid discovery based on the confidentiality of medical information. (*Id.*) Plaintiff's position did not acknowledge or take into consideration authority establishing that this kind of information is relevant and discoverable because it is relevant to a plaintiff's damages. (*See* Dkt. No. 33 at 6-7.) In view of this and Plaintiff's failure to respond to Crestbrook's motion, the Court finds that Plaintiff's position was not substantially justified.

Plaintiff has not shown, and the Court does not find, that an award of attorneys' fees would be unjust under current circumstances.

**B.**

Crestbrook seeks an attorneys' fee award of $3,278.00. It supports that amount with a declaration by attorney Patrick Kemp and attorney billing entries identifying the attorney working on the matter, the date and number of hours spent working on the matter in increments of tenths of hours, the billing rate applied for the respective attorney's time, and a brief description of the work performed. (Dkt. Nos. 34-1, 34-2.) Kemp, a lawyer of more than 20 years, states that the work performed on behalf of Crestbrook in responding to Plaintiff's motion was performed by two attorneys: Maxwell Gaddy, an associate attorney admitted to practice in

2023, and C Daniel DeLizia, a partner with about nine years' experience. (Dkt. No. 34-1 ¶ 5.)[1]

Crestbrook computes a lodestar amount based on a total of 15.9 hours worked at a rate of $200 per hour for Gaddy (13.1 hours) and $235 per hour for DeLizia (2.8 hours). (Mot. at 34-1 ¶¶ 6, 8.) After reviewing the billing records, the Court finds that they reflect reasonable amounts of time spent reviewing Plaintiff's motion, conferring with Plaintiff's counsel, analyzing authority pertaining to the discovery at issue, preparing the joint status report required by the Court, and other tasks associated with responding to Plaintiff's motion.

An attorney's reasonable hourly rate is "calculated according to the prevailing market rates in the relevant community . . . for similar services by lawyers of reasonably comparable skill, experience and reputation." *Jim S. Adler, P.C. v. McNeil Consultants, LLC*, No. 3:19-CV-2025-K-BN, 2024 WL 1348401, at *2 (N.D. Tex. Mar. 28, 2024) (quoting *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011)). "The relevant legal community is the community in which the district court sits." *Id.* (citing *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002)).

The reasonable hourly rate is typically established through sworn testimony of other attorneys practicing in the legal community, but the Court may also exercise its

---

[1] Kemp's declaration contains an obvious typo in stating that DeLizia was licensed on May 2, 2026. (Dkt. No. 34-1 ¶ 5.) In light of Kemp's later statement that the appropriate billing rate for DeLizia is a median rate for lawyers with seven to ten years' experience (*id.* ¶ 7), the Court infers that DeLizia was instead licensed in 2016.

judgment based on its own expertise to assess the appropriate hourly rate. *Id.* "The party seeking reimbursement of attorneys' fees bears the burden to 'produce satisfactory evidence—in addition to the attorneys' own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984)).

Crestbrook establishes the reasonableness of the billing rates applied for Gaddy and DeLizia through Kemp's affidavit. The 2015 Hourly Fact Sheet published by the State Bar of Texas shows that, in 2015, $200 was the median billing rate for an attorney with two or less years of experience and $250 was the median rate for someone with seven to ten years' experience. *2015 Hourly Fact Sheet*, State Bar of Texas at 3 (Aug. 2016). Although the median rate for attorneys in insurance practice was slightly less than these figures, *see id.* at 7, inflation during the ten years since the fact sheet's publication cements that the rates applied for Gaddy and DeLizia are within the realm of reasonableness. The Court therefore determines that $3,278.00 is the proper lodestar figure.

Because Plaintiff has not responded to the motion for attorneys' fees, she has not shown that any adjustment to the lodestar amount is appropriate.

### C.

The Court next considers whether payment of attorneys' fees should be borne by Plaintiff, counsel, or both. *See* Fed. R. Civ. P. 37(a)(5)(B) (authorizing court to

"require the movant, the attorney filing the motion, or both to pay").  Neither Plaintiff nor the attorneys who represented Plaintiff on the motion have filed a response to Crestbrook's motion for attorneys' fees.  On this record, the Court is unable to apportion responsibility and orders that the fee award be imposed jointly and severally on both.  *See Byzantine Catholic Eparchy of Phoenix*, 2022 WL 3597106, at *4 (requiring party and counsel be jointly and severally liable for fee award where court "ha[d] no reason to believe" either one was individually responsible); *Runge v. Erie Ins. Grp.*, No. 09CV792A, 2010 WL 2104247, at *4 (W.D.N.Y. May 24, 2010) (holding party and counsel jointly responsible for sanction where "it is not clear whether defendant or its counsel was responsible for the delay and format of the objectionable discovery production").

### IV.

Crestbrook's Motion for Attorneys' Fees (Dkt. No. 34) is **GRANTED**.  Crestbrook is awarded an amount of $3,278.00 jointly and severally payable by Cook Keith & Davis, P.C. and Plaintiff Laura Colhouer.

**SO ORDERED** on July 3, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE